Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania, Glen Nan, Inc., and Commonwealth of Pennsylvania *v.* Victor Wlodarczyk, Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Thomas B. Noonan,* for appellant.

*David A. Ody,* Assistant Attorney General, for Commonwealth.

*Nathan Hyman,* with him *Donald G. Swartz* and *John R. Reap,* for appellee, Glen Nan, Inc.

*James N. Diefenderfer,* for appellee, Board.

OPINION BY JUDGE KRAMER, November 3, 1975:

This is an appeal by Victor Wlodarczyk from an order of the Workmen's Compensation Appeal Board, which directed an award of benefits to him under the Pennsylvania Occupational Disease Act.[1] We cannot determine the issues presented in this appeal because this Court does not have jurisdiction over appeals from the Board under the Occupational Disease Act.

Wlodarczyk filed a claim petition specifically stating that he was seeking compensation under the Occupational Disease Act. The referee awarded benefits under the Pennsylvania Workmen's Compensation Act.[2]

Victims of occupational diseases are now permitted, in certain cases, to seek benefits under the Workmen's Compensation Act.[3] The Occupational Disease Act, however, has not been repealed and remains a separate and distinct statute.[4] The benefits under the two statutes are different and an employe may seek benefits under either of the two, or under both in the alternative.[5] The decision

---

1. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

3. *See* Sections 108 and 301(c)(2) of the Workmen's Compensation Act, 77 P.S. §27.1 and §411(2).

4. *See* Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease,* §7.01(2) (1975).

5. Section 444 of the Workmen's Compensation Act, 77 P.S. §1000, reads as follows:

"No person who is qualified for or is receiving compensation under this act [Workmen's Compensation Act], shall, with respect to the same period, receive compensation under The Pennsylvania Occupational Disease Act: Provided, however,

to proceed under one statute or both belongs to the claimant, and neither a referee nor the Board may unilaterally change a claim under one statute to a claim under the other statute.[6] Since Wlodarczyk filed for benefits under the Occupational Disease Act only, we hold that the referee erred by awarding benefits under the Workmen's Compensation Act and that the Board was correct in amending the referee's adjudication so as to order compensation under the Occupational Disease Act.

Our holding leaves us with no jurisdiction over Wlodarczyk's appeal. Appeals from the Board under the Occupational Disease Act must be taken to a court of common pleas of the county where the employe was last employed or the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth.[7]

Section 503 (b) of the Appellate Court Jurisdiction Act[8] provides that this Court may transfer an improperly filed appeal to the court with proper jurisdiction. The principal place of business of Wlodarczyk's employer is in Luzerne County and, therefore, the Court of Common Pleas of Luzerne County would be a court of proper jurisdiction.

We therefore

ORDER

AND NOW, this 3rd day of November, 1975, it is hereby ordered that the above appeal is transferred to the

---

That any person may pursue, in the alternative, a claim for compensation under this act and a claim for compensation under The Pennsylvania Occupational Disease Act."

6. A claimant would be permitted, of course, to amend his own claim petition. Amendments to claim petitions have always been quite liberally allowed. *See* Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease*, §6.12(5) (1975).

7. Section 427 of the Occupational Disease Act, 77 P.S. §1527.

8. Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503 (b).

Court of Common Pleas of Luzerne County, unless the parties to this action shall notify the Court within 30 days of their agreement that the action be transferred to a different court of proper jurisdiction in which case it shall be transferred to the agreed upon court. The Chief Clerk shall certify to the Prothonotary of the court to which this action is transferred a photocopy of the docket entries of the above appeal and transmit to him the record of said appeal. The Chief Clerk is directed to mail copies of this transfer order to counsel for appellant who is directed to serve a copy thereof on all counsel.