Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania, Quaker Shoe Company and Commonwealth of Pennsylvania *v.* Betty J. Costello, Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*James C. Lanshe, Jr.,* with him *Lanshe, Lanshe and Lanshe,* for appellant.

John P. Thomas, with him Walker, Thomas, Karess, Lipson & Zieger, for appellant, Quaker Shoe Company.

David A. Ody, Assistant Attorney General, for appellee, Commonwealth.

James N. Diefenderfer, for appellee, Board.

OPINION BY JUDGE KRAMER, November 5, 1975:

This is an appeal by Betty J. Costello from an order of the Workmen's Compensation Appeal Board, which reversed a referee's award of benefits to Costello. We affirm the result reached by the Board.

Costello was employed by the Quaker Shoe Company as a cutter and gluer from January 1972 through November 20, 1972. On March 9, 1973 Costello filed a claim petition under The Pennsylvania Workmen's Compensation Act.[1] After hearings, a referee awarded benefits under the Workmen's Compensation Act. On appeal, the Board decided that Costello had to proceed under the Pennsylvania Occupational Disease Act,[2] rather than the Workmen's Compensation Act. The Board concluded that Costello had failed to meet her burden of proof under the Occupational Disease Act, and, therefore, dismissed Costello's claim petition.

The Board erred by treating Costello's claim petition as a claim under the Occupational Disease Act. Costello's claim petition specifically sought benefits under the Workmen's Compensation Act. Since the claim petition was never amended, the only issue presented to the referee and the Board was the question of Costello's eligibility for benefits under the Workmen's Compensation Act.[3]

---

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq.

2. Act of July 21, 1939, P.L. 566, as amended, 77 P.S. §1201 et seq.

3. Workmen's Compensation Appeal Board v. Wlodarczyk, 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975).

Costello argues that she deserves benefits because she suffers from asthma which was caused by the inhalation of glue fumes at work. In awarding benefits under the Workmen's Compensation Act, the referee was apparently operating under the misconception that the occupational disease provisions of the Workmen's Compensation Act[4] are applicable in this case. Those provisions apply only to disabilities which result in whole or in part from exposure to the hazard of the occupational disease after June 30, 1973.[5] Costello's last exposure was in November of 1972 and, therefore, the occupational disease provisions of the Workmen's Compensation Act are not applicable.

In order to be eligible for benefits under the Workmen's Compensation Act, Costello had to prove that she suffered either a compensable accident prior to May 1, 1972 or a compensable injury after that date.[6] Costello has not alleged or proven that she suffered such an accident or injury. Since Costello has not sustained her burden of proof, we must affirm the Board's dismissal of her claim petition.

We, therefore

ORDER

AND NOW, this 5th day of November, 1975, the order of the Workmen's Compensation Appeal Board, dated February 6, 1975, dismissing the claim petition of Betty J. Costello, is hereby affirmed.

---

4. Sections 108 and 301(c)(2) of the Workmen's Compensation Act, 77 P.S. §§27.1, 411(2).

5. Section 301(c)(2) of the Workmen's Compensation Act, 77 P.S. §411(2).

6. *See* Act of March 29, 1972, P.L. 159, §1, effective May 1, 1972, amending Section 101 of the Workmen's Compensation Act, 77 P.S. §1.