Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Anthony M. DeCusatis *v.* City of Hazleton, Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Joseph A. Murphy,* with him *Anthony J. Piazza, John R. Lenahan,* and *Lenahan, Dempsey & Murphy,* for appellant.

*Thomas J. Sharkey,* with him *Joseph J. Ustynoski, Thomas J. Carlyon, Falvello, Ustynoski, Giuliani & Bernstein,* and *James N. Diefenderfer,* for appellees.

*David A. Ody,* Assistant Attorney General, for amicus curiae, Commonwealth.

OPINION BY JUDGE KRAMER, November 6, 1975:

This is an appeal by the City of Hazleton from an order of the Workmen's Compensation Appeal Board, which affirmed an order of the referee granting workmen's compensation benefits to Anthony M. DeCusatis. We must remand this case because the Board erred as a matter of law by awarding benefits under the Pennsylvania Workmen's Compensation Act[1] when DeCusatis had filed a claim for benefits under the Pennsylvania Occupational Disease Act.[2]

Although DeCusatis filed a claim petition for benefits under the Occupational Disease Act, both the referee and the Board awarded benefits under the Workmen's Compensation Act. Both the referee and the Board erred.

Victims of occupational diseases are now permitted, in certain cases, to seek benefits under the Workmen's Compensation Act,[3] but that Act and the Occupational Disease Act remain separate and distinct statutes.[4] An

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

2. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

3. *See* Sections 108 and 301(c)(2) of the Workmen's Compensation Act, 77 P.S. §27.1 and §411(2).

4. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease,* §7.01(2) (1975).

employe may seek benefits under either statute or under both in the alternative.[5] The decision to seek benefits under one statute or the other belongs to the claimant, and neither a referee nor the Board may unilaterally change a claim under one statute to a claim under the other. A claimant would, of course, be permitted to amend his own claim petition.[6]

DeCusatis' petition in this case makes claim under the Occupational Disease Act only, and, therefore, the sole issue involved is whether DeCusatis is eligible for benefits under that statute. We hold that the referee and the Board erred by awarding benefits under the Workmen's Compensation Act.

It is tempting to decide this case on its merits, but this Court is without jurisdiction because appeals from the Board under the Occupational Disease Act must be taken to a court of common pleas.[7] This matter must be remanded to the Board for a proper determination under the Occupational Disease Act, after which either or both parties may take an appeal to the proper court under the provisions of the proper statute.

In accordance with the above, we therefore

ORDER

AND Now this 6th day of November, 1975, the order of the Workmen's Compensation Appeal Board, dated February 20, 1975, is hereby reversed, and it is ordered that this matter be remanded to the Workmen's Compensation Appeal Board for processing in a manner not inconsistent with the above opinion.

---

5. Section 444 of the Workmen's Compensation Act, 77 P.S. §1000.

6. *Workmen's Compensation Appeal Board v. Wlodarczyk*, 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975).

7. Section 427 of the Occupational Disease Act, 77 P.S. §1527.