## Olga O'Donnell, Widow of Paul O'Donnell, Deceased *v.* City of Scranton, Department of Fire, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Joseph A. Murphy*, with him *John R. Lenahan*, and *Anthony J. Piazza*, for appellant.

*Sandra S. Christianson*, Assistant Attorney General, for Commonwealth.

*Harry R. Van Deusen, Jr.*, with him *Van Deusen & Van Deusen*, for appellee, Olga O'Donnell.

*James N. Diefenderfer*, for appellee, Workmen's Compensation Appeal Board.

OPINION BY JUDGE KRAMER, December 19, 1975:

This is an appeal by the City of Scranton from an order of the Court of Common Pleas of Lackawanna County which affirmed an award of compensation to

Olga O'Donnell, widow of Captain Paul O'Donnell (decedent) of the Scranton Fire Department, but remanded the case to the Workmen's Compensation Appeal Board for a determination on the issue of the decedent's exposure to the hazard of his occupational disease after June 30, 1973. We reverse the lower court and remand to the Board for a determination of O'Donnell's eligibility for compensation under the Pennsylvania Occupational Disease Act.[1]

On October 25, 1973, O'Donnell filed a claim petition seeking compensation for the death of her husband pursuant to Section 108(o) of the Occupational Disease Act, 12 P.S. §1208(o).[2] During one of the hearings before the referee, counsel for O'Donnell specifically noted that he was proceeding under the Occupational Disease Act. At no point in the proceedings was O'Donnell's claim petition ever amended. Nonetheless, the referee awarded benefits under the Pennsylvania Workmen's Compensation Act,[3] and the Board affirmed. The City appealed to this Court, but President Judge BOWMAN, in an order dated August 30, 1974, *sua sponte,* raised the issue of jurisdiction, concluded that proper jurisdiction would be with the Court

---

1. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

2. Section 108(o) of the Occupational Disease Act reads as follows:

> "The term 'occupational disease,' as used in this act, shall mean only the following diseases:
>
> > "(o) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such fireman. *The Commonwealth shall pay the full amount of compensation for disability under this clause."* (Emphasis added.)

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

of Common Pleas of Lackawanna County, and, therefore, ordered the appeal transferred to that court.[4]

The lower court decided that O'Donnell had succeeded in proving that her husband's death was caused by an occupational disease under the Workmen's Compensation Act, but remanded the case so that the Board could determine whether the decedent had exposure to the hazard of his occupational disease after June 30, 1973.[5]

This case is controlled by our recent decisions holding that the referee and the Board may not award benefits under the Workmen's Compensation Act when a claim petition is filed under the Occupational Disease Act and never amended.[6] Since the case must be decided under the Occupational Disease Act, the issue of exposure after June 30, 1973, is irrelevant.

The Board erred in its adjudication by applying the scope of review applicable to Workmen's Compensation cases.[7] We will remand the case to the Board so that it may render a proper adjudication pursuant to the Occupational Disease Act.

We therefore

ORDER

AND Now, this 19th day of December, 1975, the order of the Court of Common Pleas of Lackawanna County, dated March 11, 1975, is hereby reversed, and it is

---

4. *See Workmen's Compensation Appeal Board v. Wlodarczyk,* 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975).

5. *See* Sections 108(o), 302(c)(2) of the Workmen's Compensation Act, 77 P.S. §§27.1(o), 411(2).

6. *See Workmen's Compensation Appeal Board v. City of Hazleton,* 21 Pa. Commonwealth Ct. 522, 347 A.2d 332 (1975) and *Wlodarczyk, supra.*

7. Our holding in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), did not change the Board's scope of review under the Occupational Disease Act. The Board is still the ultimate fact finder and may disregard the findings of the referee.

ordered that this case be remanded to the Workmen's Compensation Appeal Board, so that it may render an adjudication under the Pennsylvania Occupational Disease Act; such additional testimony may be received as the Board, in its discretion, deems necessary.