Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, James Roy De-Rocco and Wheeling-Pittsburgh Steel Corp. *v.* Commonwealth of Pennsylvania, Appellant.

Argued October 31, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Sandra S. Christianson*, Assistant Attorney General, with her *David A. Ody*, Assistant Attorney General, for appellant.

*William R. Caroselli,* for appellee, DeRocco.

*Henry J. Wallace, Jr.,* with him *Reed, Smith, Shaw & McClay,* for appellee, Wheeling-Pittsburgh Steel Corporation.

*James N. Diefenderfer,* for appellee, Workmen's Compensation Appeal Board.

OPINION BY JUDGE KRAMER, January 14, 1976:

The record in this case indicates that the claim petition involved was filed under the Pennsylvania Occupational Disease Act[1] and that the petition was never amended. Despite this fact, the referee awarded benefits under the Pennsylvania Workmen's Compensation Act,[2] and the Board affirmed.

This case is controlled by our recent decisions holding that the referee and the Board may not award benefits under the Workmen's Compensation Act when a claim petition is filed under the Occupational Disease Act, and never amended.[3] Since the referee and the Board erred by awarding benefits under the Workmen's Compensation Act, we will remand to the Board for a proper determination pursuant to the Occupational Disease Act.

We therefore

ORDER

AND NOW this 14th day of January, 1976, the order of the Workmen's Compensation Appeal Board in the

---

1. Act of July 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

3. *O'Donnell v. City of Scranton,* 22 Pa. Commonwealth Ct. 411, 349 A.2d 502 (1975); *Workmen's Compensation Appeal Board v. City of Hazleton,* 21 Pa. Commonwealth Ct. 522, 347 A.2d 332 (1975); and *Workmen's Compensation Appeal Board v. Wlodarczyk,* 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975).

above matter is hereby reversed and it is ordered that this case be remanded to the Workmen's Compensation Appeal Board for a proper determination pursuant to the Pennsylvania Occupational Disease Act; such additional evidence may be received as the Board, in its discretion, deems necessary.