Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Wilson E. Schwalm *v.* Morgan & Harner Coal Company and Pennsylvania National Mutual Casualty Insurance Company, Appellants.

148

[black redaction bars]

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

[black redaction bars]

*W. E. Shissler*, with him, of counsel, *Nauman, Smith, Shissler & Hall*, for appellants.

*Thomas B. Rutter*, with him *Bashore & Lindsay*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE ROGERS, January 30, 1976:

This is the appeal of an employer from a decision and order of the Workmen's Compensation Appeal Board made May 22, 1975, affirming a referee's dismissal of its petition to terminate an agreement for benefits for total disability and ordering continuance of such benefits to a workman under the Workmen's Compensation Act.[1] The

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411 et seq.

Appeal Board by the same order suspended the payment of benefits to the same workman under the Occupational Disease Act[2] awarded by a referee on September 20, 1974.

Wilson E. Schwalm suffered a compensable injury on February 8, 1960, while employed by Morgan & Harner Coal Company (Morgan) as a rock picker when he slipped and fell while removing a rock from a conveyor belt. A compensation agreement was entered into between Schwalm and Morgan's insurance carrier for total disability.

On October 9, 1966, Morgan filed its petition to terminate the agreement. Under the provisions of the Workmen's Compensation Act effective at the time, Schwalm's compensation was suspended pending final disposition of the petition. For reasons not established in the record, no hearing was scheduled in this matter until November 26, 1974.

On June 18, 1973, Schwalm filed a claim under the Occupational Disease Act and was, as we have stated, awarded benefits for total disability on September 20, 1974.

At the November 26, 1974 hearing on the petition to terminate the agreement, Schwalm's medical expert testified to his opinion that the cause of Schwalm's disability was the injury of February 8, 1960. The employer adduced medical evidence to the contrary. The referee found as a fact that Schwalm remained totally disabled as a result of the injury of February 8, 1960 ,and ordered the continuance of the appropriate benefits for total disability under the Workmen's Compensation Act. Morgan appealed to the Workmen's Compensation Appeal Board, saying that the referee erred in awarding compensation for any period after June 18, 1973, because Schwalm had been awarded compensation under the Occupational Dis-

---

2. Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq.

ease Act for total disability as the result of an occupational disease.[3]

The Workmen's Compensation Appeal Board affirmed the order of the referee but took notice of the earlier award of occupational disease benefits and amended the award "to provide that so long as claimant receives compensation for total disability under the Pennsylvania Workmen's Compensation Act, claimant's right to receive compensation under the Pennsylvania Occupational Disease Act is suspended. See Section 444 of the Pennsylvania Workmen's Compensation Act."

Morgan has appealed the Board's order, again saying that the grant of total disability benefits due to the 1960 injury compensableu nder the Workmen's Compensation benefits under the Occupational Disease Act as of June 18, 1973.

The issue presented is whether the Board is precluded from awarding total disability benefits due to an injury compensable under the Workmen's Compensation Act when the claimant is receiving compensation for total disability under the Occupational Disease Act for a different problem.[4]

Section 444 of the Workmen's Compensation Act, 77 P.S. §1000, provides:

"No person who is qualified for or is receiving compensation under this act, shall, with respect to the

---

3. This claim had been heard by and the award made by the same referee who heard the instant petition. The allegation of inconsistency, however, was not made by Morgan until its appeal to the Board.

4. The circumstances of the instant case are of course different from those in *Workmen's Compensation Appeal Board v. Wlodarczyk*, 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1973), where the claimant filed his original and only petition under the Occupational Disease Act and this Court held that it was improper, under those circumstances, to grant compensation under the Workmen's Compensation Act.

same period, receive compensation under the Pennsylvania Occupational Disease Act: Provided, however, that any person may pursue, in the alternative, a claim for compensation under this act and a claim for compensation under the Pennsylvania Occupational Disease Act."

Commenting on the above-quoted Section, added by the 1972 amendments to the Workmen's Compensation Act,[5] Justice BARBIERI has said:

"One remarkable feature of the 1972 supplement, however, is that, in addition to the side-by-side perpetuation of the two systems, ... the new Act seems to confer prospectively, and only upon the employe, all of the new changes and advantages as an alternative remedy. ..." 2 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease,* §7.01 (2) (1975).

The claimant in this case was found by the referee to be suffering both from the effects of injuries sustained in an industrial accident and from the symptoms of an occupational disease and that each, the injuries and the disease, was totally disabling. We discern nothing inconsistent in these findings. Surely one may have two infirmities, either of which would be totally disabling. In *Dobash v. Jeddo-Highland Coal Company,* 141 Pa. Superior Ct. 62, 14 A.2d 842 (1940), the claimant had a work-related kidney ailment and in addition a noncompensable heart ailment, both totally disabling. The Superior Court affirmed an order for compensation, stating:

"The doctor's statement, that *either cause alone would bring about the disability,* is not inconsistent with his positive expression of his professional opinion that the kidney condition did and is causing the present disability.

---

5. Act of October 17, 1972, P.L. 930, 77 P.S. §1000.

"The kidney ailment being one of two concurrent causes, the presence of the other contributing causes does not relieve from liability." 141 Pa. Superior Ct. at 68-69, 14 A.2d at 845. (Emphasis supplied.)

The only distinguishing feature of the instant case is that both disabilities are compensable but under different statutes. Section 444 of the Workmen's Compensation Act, 77 P.S. §1000 answers the inherent question of what benefits should be paid by designation of those of the Workmen's Compensation Act.

ORDER

AND NOW, this 30th day of January, 1976, we affirm the order of the Workmen's Compensation Appeal Board affirming the referee's order dismissing the appellant's petition to terminate Compensation Agreement No. 7120422. We do further order and direct Morgan & Harner Coal Company and the Pennsylvania National Mutual Insurance Company to continue compensation payments to the claimant, Wilson E. Schwalm, at the rate of $42.50 per week beginning October 10, 1966 and continuing within the limitations of the Act until claimant's disability ceases, it changes, or he will have been paid the maximum compensation under the Act. Interest at the rate of 6% per annum on deferred payments is also to be paid as provided by the Act.

It is further ordered that so long as claimant, Wilson E. Schwalm, receives compensation for total disability under The Pennsylvania Workmen's Compensation Act, his right to receive compensation under The Pennsylvania Occupational Disease Act is suspended.