Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and John A. Bombalek *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Benjamin L. Costello,* with him *Kenneth J. Yablonski* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, March 10, 1976:

This is an appeal by the Jones & Laughlin Steel Corporation (appellant) from an order of the Workmen's

Compensation Appeal Board (Board) which affirmed an order of the referee awarding benefits under The Pennsylvania Workmen's Compensation Act[1] (Workmen's Compensation Act) to John A. Bombalek, claimant and appellee herein. The claimant suffers from coal worker's pneumoconiosis and petitioned for benefits pursuant to the provisions of The Pennsylvania Occupational Disease Act[2] (Occupational Disease Act).

Benefits for disabilities due to occupational diseases are provided by both the Workmen's Compensation Act and the Occupational Disease Act. These two statutes are separate and distinct. Benefits may be claimed under either of the Acts, or under both in the alternative. This court has held that

"[t]he decision to seek benefits under one statute or the other belongs to the claimant, and neither a referee nor the Board may unilaterally change a claim under one statute to a claim under the other. A claimant would, of course, be permitted to amend his own claim petition." *Workmen's Compensation Appeal Board v. City of Hazleton,* 21 Pa. Commonwealth Ct. 522, 347 A.2d 332 (1975).

Although the briefs of both parties refer to the Workmen's Compensation Act, the initial "Claim Petition for Compensation," filed on January 9, 1974, requests relief under the provisions of the Occupational Disease Act. The referee and the Board, however, specifically stated that the award granting benefits to the claimant was made pursuant to the Workmen's Compensation Act. The referee ordered compensation pursuant to Section 305.1 of the Workmen's Compensation Act, 77 P.S. §411.1, and the Board cited Section 301(e) of the Workmen's Compensation Act, 77 P.S. §413, in affirming that order. Furthermore, by citing the case of *Universal*

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

2. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

*Cyclops Steel Corp. v. Workmen's Compensation Board of Appeal,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), the Board indicated that its scope of review was governed by the Workmen's Compensation Act.

A careful review of the record fails to disclose an amendment of the original petition by the claimant. Therefore, as we held in *O'Donnell v. City of Scranton,* 22 Pa. Commonwealth Ct. 411, 349 A.2d 502 (1975), where a petition is filed originally pursuant to the Occupational Disease Act, the Board must follow the provisions of that statute in its determination of the claim and we must issue the following

ORDER

AND, NOW, this 10th day of March, 1976, the order of the Workmen's Compensation Appeal Board, dated March 14, 1975, is hereby reversed, and it is ordered that this matter be remanded to the Workmen's Compensation Appeal Board for further consideration in a manner not inconsistent with this opinion with authority to receive evidence as the Board, in its discretion, may find necessary and proper.