City of Hazleton, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Anthony M. DeCusatis and Commonwealth of Pennsylvania, Respondents.

Argued December 9, 1977, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*John R. Lenahan, Jr.,* with him *Joseph A. Murphy,* and *Lenahan, Dempsey & Murphy,* for petitioner.

*Thomas J. Sharkey,* with him *Joseph J. Ustynoski, Thomas J. Carlyon,* and *Falvello, Ustynoski, Giuliani & Bernstein,* for respondent.

*Sandra S. Christianson,* Assistant Attorney General, for Commonwealth.

OPINION BY JUDGE CRUMLISH, JR., May 24, 1978:

The City of Hazleton (City) has appealed the decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Anthony M. DeCusatis (Claimant) under the provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Claimant was employed by the City as a fireman for over 21 years and served as its Fire Chief during the 14 months of his employment preceding his resignation, which became effective January 31, 1974. On April 8, 1974, he filed a claim petition under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq., alleging that he had been totally disabled by emphysema, an occupational disease compensable under Section 108(o) of that Act, 77 P.S. §1208(o).[1] Following

---

[1] Section 108(o) of the Occupational Disease Act provides:
The term 'occupational disease,' as used in this act, shall mean only the following diseases:

a hearing at which testimony was given by Claimant, two of his fellow firemen, a physician for Claimant, and a physician for the City, the referee rendered his decision awarding benefits *under the Workmen's Compensation Act.* The referee found that on February 1, 1974, Claimant, after four or more years of service in fire fighting for the benefit or safety of the public, had become totally disabled by heart and lung disease caused by heat, smoke, fumes and gases, and by his stressful experiences as a firefighter, and that his exposure to smoke, fumes, and gases after June 30, 1973, had contributed to his disease and disability.

The City appealed to the Board on the grounds that the evidence did not support the findings, that the post-June 1, 1973 exposure was insignificant, and that Claimant's medical evidence was incompetent. The Board amended the date of disability from February 1, 1974 to March 25, 1974, the date Claimant's doctor found him totally disabled, but otherwise affirmed the award. In the course of its opinion, the Board stated that the award of benefits had been made under Section 108(o) of the Workmen's Compensation Act, 77 P.S. §27.1(o).[2] When the City appealed the case to us on the same grounds raised before the Board, we refused to consider the merits because we held that

---

. . . .

(o) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme overexertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such firemen. The Commonwealth shall pay the full amount of compensation for disability under this clause.

[2] Section 108(o) of the Workmen's Compensation Act is identical to Section 108(o) of the Occupational Disease Act (*see* n. 1) except that it does not contain the last sentence.

the Board had erred as a matter of law in awarding benefits under the Workmen's Compensation Act when the claim petition had been filed under the Occupational Disease Act. *Workmen's Compensation Appeal Board v. City of Hazleton,* 21 Pa. Commonwealth Ct. 522, 347 A.2d 332 (1975). We said that, while Section 444 of the Workmen's Compensation Act, 77 P.S. §1000, provides that a claim may be brought under either statute or under both in the alternative, the choice is the Claimant's and "neither a referee nor the Board may unilaterally change a claim under one statute to a claim under the other. A claimant would, of course, be permitted to amend his own claim petition." We then remanded to the Board "for a proper determination under the Occupational Disease Act" and ordered "that this matter be remanded to the Workmen's Compensation Appeal Board for processing in a manner not inconsistent with" our opinion. On remand, the Board remanded the case to the referee to allow Claimant to amend the claim petition from one under the Occupational Disease Act to one under the Workmen's Compensation Act, which Claimant, over defendant's objection, did at a second refferee's hearing on April 15, 1976. The referee awarded benefits in accordance with his original opinion. The Board affirmed and the City came to us.

The City makes the following contentions:

(1) the Board's action remanding the case to the referee was inconsistent with our Order;

(2) the referee and Board erred in allowing the amendment of the claim petition since the statute of limitation in force at the time Claimant became disabled (March 25, 1974) had run before the amendment;

(3) the referee and Board incorrectly applied the Act's presumption with respect to the employment-related nature of certain occupational diseases;

(4) the referee erred in failing to state his reason for accepting Claimant's physician's opinion and rejecting that of the City's doctor; and

(5) there was no substantial evidence to support a finding of causal relationship between the post-June 30, 1973 exposure and the disability.

We find all of these contentions meritless and affirm.

First, the Board's action in remanding the case to the referee was not violative of the directives in our earlier opinion. Though we stated that the case had to be remanded "for a proper determination under the Occupational Disease Act," we also recognized Claimant's right to amend his petition. Thus, not only was the remand to the referee not contrary to our opinion, it was an action which allowed Claimant to accomplish an objective, the propriety of which we had already specifically endorsed.

Nor was the amendment barred by the Workmen's Compensation Act's statute of limitations, Section 315 of the Act, 77 P.S. §602. It is well settled that the Workmen's Compensation Act's statute of limitation is procedural in nature and does not affect a claimant's substantive right to benefits, and that therefore amendments to the statute operate retroactively. *Seneca v. Yale & Towne Mfg. Co.*, 142 Pa. Superior Ct. 470, 16 A.2d 754 (1941). Thus, where a claimant filed after the statutory deadline in effect at the date of injury, but the statute is amended effective before the expiration of the original deadline so as to extend the time for filing, and the filing is timely under the amended statute, the claim is governed by the amended statute, and the claimant thus benefits from the extension of time. *Bakaisa v. Pittsburgh & West Virginia Railroad Co.*, 149 Pa. Superior Ct. 203, 27 A.2d 769 (1942); *Seneca v. Yale & Towne Mfg. Co., supra; Matkosky v. Midvale Co.*, 143 Pa. Superior Ct. 197, 18

A.2d 102 (1941). Here, under the limitation in effect on the date of disability (March 25, 1974), Claimant would have had until March 25, 1976 to file a claim. However, the time limit was extended to three years by the Act of December 5, 1974, P.L. 782, which became effective February 3, 1975, well before the expiration of the original two-year period. Claimant thus benefitted from the amendment and had until March 25, 1977, to file. Hence, his amendment of his claim on April 15, 1976, if treated as an original claim for purposes of the statute of limitations, was timely.[3]

The City's last three contentions address the merits of the claim and, basically, resolve themselves into a challenge to the sufficiency of the evidence to support the referee's findings of disability resulting from an occupational disease and of exposure to the hazard of the disease after June 30, 1973. It argues that the referee erred in accepting the opinion of Claimant's physician, a general practitioner, that Claimant was totally and permanently disabled by heart and lung disease due to stress and the inhalation of smoke and fumes in the course of his work as a fireman, while rejecting that of the City's physician, an internist with a sub-specialty in pulmonary disease, who testified that Claimant had no lung disease and that whatever heart disease he had did not result from his em-

---

[3] Though we need not reach the issue, and hence do not decide it, we believe that the statute of limitations would not apply to the amendment of a claim brought under the Occupational Disease Act to one under the Workmen's Compensation Act in *any* event, and hence would not bar the instant claim even if time had expired under the amended statute. In such a situation, the original filing is clearly sufficient to put the employer-defendant on notice as to the nature and circumstances of the claim, thereby fulfilling the purpose underlying the statute of limitations. *Horn v. Lehigh Valley Railroad Co.*, 274 Pa. 42, 117 A. 409 (1922).

ployment as a fireman. The City asks us to promulgate a new rule in workmen's compensation cases requiring referees to state thir reasons for accepting one medical opinion over another instead of simply stating, as the referee did here, that he was "inclined" to believe the version given by Claimant's physician. This we refuse to do.

It is settled beyond question that the scope of review of this Court in workmen's compensation cases is limited to a determination of whether the necessary findings of the referee are unsupported by substantial evidence, an error of law has been committed, or constitutional rights have been violated. The credibility of witnesses, including medical witnesses, and the relative weight to be given their testimony, is exclusively for the referee to determine; and we may not substitute our judgment on the matter for his. *Aluminum Company of America v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977); *Cole Steel Equipment Corp. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 454, 322 A.2d 743 (1974). Here, the qualifications of the two physicians may affect the relative weight given to their testimony, but it certainly does not render Claimant's physician incompetent as a matter of law to testify as to the existence of a disease and to medical causation. His testimony, therefore, constitutes substantial evidence supportive of the finding that Claimant was totally disabled from heart and lung disease caused by stress and by heat, smoke, gas and fumes encountered in the course of his firefighting duties. Since the evidence is sufficient of itself to support the finding that Claimant's occupational disease arose out of and in the course of his employment, we need not decide whether the presumption to that effect, created by Section 301(e) of the Act, 77 P.S. §413, is applicable to his disability.

Finally, we have held that in order to show that disability from an occupational disease resulted in whole or in part from exposure to the hazard of the disease subsequent to June 30, 1973, as required by Section 301(c) of the Act, 77 P.S. §411, it is sufficient to demonstrate that the disability is due to cumulative exposure during the entire course of employment. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 618, 382 A.2d 1300 (1978); *Workmen's Compensation Appeal Board v. Commonwealth*, 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). Here, Claimant's physician testified that Claimant's disability resulted from stress and the inhalation of smoke and fumes over the entire period of his employment with the City. This alone is enough to support the finding that exposure to the hazard of an occupational disease after June 30, 1973, was in part the cause of Claimant's disability. Yet, in addition, Claimant himself testified that he attended one fire a day during the 14 months he served as Fire Chief, which included the seven months between June 30, 1973, and the effective date of his resignation, and described in detail the Hazleton Bleaching Mill fire of October 15, 1973, the last major fire he attended. He stated that that fire burned for 12 hours and that during that time he inhaled the dense smoke and toxic bleaching chemical fumes which the fire produced. These statements were corroborated by the testimony of two of Claimant's fellow firemen. The evidence, therefore, amply supports the referee's finding of a causal relationship between the post-June 30, 1973 exposure and the disability.

Accordingly, we

ORDER

AND Now, this 24th day of May, 1978, the decision of the Workmen's Compensation Appeal Board is af-

firmed. Judgment is entered in favor of Anthony M. DeCusatis and against the City of Hazleton in the amount of $106.00 per week from February 1, 1974 and continuing in the future within the limitations of the Workmen's Compensation Act for so long as claimant's disability shall continue.