## Cavrak v. Commonwealth

C. *Jerome Moschetta*, for plaintiff.
*Merri Jo Gillette-Meadows*, for defendant.

GRIMES, *P.J.*, August 4, 1986—Claimant filed a petition on February 24, 1984, seeking disability benefits under the Pennsylvania Occupational Disease Act, §301(i), as amended, (77 P.S. §1401(i)), hereinafter referred to as the act. The claim was based upon employment as a coal miner for a period of 38 years, claimant becoming totally disabled as a result of pneumoconiosis, last working on January 21, 1978. The decision by the referee dated December 4, 1984, was upheld by the Workmen's Compensation Appeal Board by decision dated March 18, 1986. The Commonwealth now files this appeal on April 16, 1986, in this court.

## ISSUE

Whether a party becomes qualified for compensation benefits under the Workmen's Compensation Act prior to receiving an award of benefits under that act.

## DISCUSSION

Section 444 of the Pennsylvania Workmen's Compensation Act (77 P.S. §1000) states that:

"No person *who is qualified* for or is receiving compensation under this Act, shall, with respect to the same period, receive compensation under the Pennsylvania Occupational Disease Act: provided, however, that any person may pursue, in the alternative, a claim for compensation under this Act and a claim for compensation under the Pennsylvania Occupational Disease Act." (Emphasis added).

This provision of the act was obviously intended to prevent claimants from receiving an award under the Pennsylvania Occupational Disease Act if they are qualified for an award under the Workmen's Compensation Act. The application of the section depends upon the meaning of the words "qualified for" as used in the act.

The Commonwealth argues that the words "qualified for" have a similar meaning as the words "eligible for." Assuming their argument to be true, §444 of the Workmen's Compensation Act provides in essence that a claimant who is eligible for workmen's compensation benefits does not have the option to elect benefits under any other Act. Such an argument and conclusion is not the law in the Commonwealth of Pennsylvania. In Industrial Services Contracting, Inc., et al., v. Wilson, et al., 28 Pa.

Commw. 83, 367 A.2d 377 (1977), the Commonwealth Court held that the victim "may claim benefits under either the Compensation Act, the Disease Act, or under both in the alternative, but in all events the choice lies with the claimant." The court went on to say that the referee and the board may not change the claim but must abide by the claimant's choice.

"The benefits under the two statutes are different and an employee may seek benefits under either of the two or both in the alternative." W.C.A.B. v. Wlodarczyk, 21 Pa. Commw. 495, 347 A.2d 763 (1975). Obviously when a claimant has a choice between the two acts, he is eligible for either. To accept the Commonwealth's argument as to the construction of §444 would be to ignore the Pennsylvania case law that has developed as a result of litigation concerning the application of the act. Further, had the legislature intended application as suggested by the Commonwealth, they would have inserted "eligible for" in place of "qualified for."

In the present case claimant was not awarded benefits under the Workmen's Compensation Act and may therefore continue to receive benefits under the Occupational Disease Act.

CONCLUSION

Section 444 of the Workmen's Compensation Act allows claimant to choose benefits under either the Workmen's Compensation Act or Occupational Disease Act. It is improper for the court to amend claimant's claim removing it from one act and placing it under another. Such an election is strictly the option of claimant.

## ORDER

And now, this August 4, 1986, the appeal of the Commonwealth of Pennsylvania from the order of the Workmen's Compensation Appeal Board dated March 18, 1986, is hereby dismissed.