**Earl S. KNORR, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (READING ANTHRACITE COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 7, 1997.

Decided Jan. 26, 1998.

Lester Krasno, Pottsville, for petitioner.

Michael J. Domanish, Scranton, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Earl Knorr (Claimant) appeals from an order of the Workers' Compensation Appeal Board which reversed the workers' compensation judge's decision granting claimant's claim petition. We affirm.

The sole issue presented herein is whether a claimant's simultaneous filing of claim petitions under both the Pennsylvania Worker's Compensation Act[1] (WC Act) and The Pennsylvania Occupational Disease Act[2] (ODA) resulting in the denial of workers' compensation benefits under the WC Act and the receipt of benefits under the ODA automatically translates into an election under section 444 of the WC Act, thereby precluding a future claim under the WC Act. 77 P.S. § 1000. Section 444 of the WC Act governs dual compensation and provides as follows:

No person who is qualified for or is receiving compensation under this act, shall, with respect to the same period, receive compensation under The Pennsylvania Occupational Disease Act: Provided, however, That any person may pursue, in the alternative, a claim for compensation under this act and a claim for compensation under The Pennsylvania Occupational Disease Act.

Reading Anthracite Company (employer) employed claimant for approximately fifteen years from September 13, 1974 through September 15, 1989. This matter arose on November 6, 1989, when claimant filed a claim petition pursuant to the occupational disease provisions of the WC Act alleging that he suffered from chronic obstructive pulmonary disease as of September 29, 1989 as a result of his employment with employer. On that same date, claimant filed a separate petition for benefits under the ODA alleging exposure to silica and coal dust while working for employer. Both petitions were assigned to WCJ Spizer.

By decision circulated on March 27, 1991, Judge Spizer denied claimant's claim petition brought pursuant to the WC Act after finding that claimant failed to establish that he suffered from and was disabled by chronic obstructive pulmonary disease as a result of his coal mine employment. In a separate decision circulated on March 27, 1991, Judge Spizer granted claimant's petition filed pursuant to the ODA and awarded claimant disability benefits in the amount of $125.00 per month. No appeals were taken from these decisions.

On or about July 27, 1992, claimant filed a claim petition pursuant to the occupational disease provisions of the WC Act alleging therein that he suffered from an occupational disease in the form of "lung disease" as a result of exposure to coal dust while working for employer. Claimant alleged further that he was totally disabled as of June 10, 1992 due to the lung disease.

In a February 25, 1993 decision, Judge Spizer found that claimant was precluded, pursuant to section 444 of the WC Act, from bringing a second workers' compensation claim. Judge Spizer found that claimant was currently receiving compensation under the provisions of the ODA and that claimant failed to make a final election before the final award was entered concerning his prior claim petitions. Judge Spizer found further that claimant, by previously filing the claim petitions under both the WC Act and the ODA, made a final choice regarding which act he wished to proceed by permitting the WCJ to make a decision concerning both claim petitions. Claimant appealed this decision to the board.

By decision dated June 24, 1994, the board reversed Judge Spizer's decision, reinstated claimant's claim petition, and remanded the matter to Judge Spizer for a decision on the merits. The board opined that section 444 of the WC Act should be interpreted as requiring a final election prior to expiration of the applicable statute of limitations period. The intent of section 444, the board opined, is merely to require that if a claimant were to prevail under one act versus another at a

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

2. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§ 1201–1603.

later time, he or she cannot collect payments under both the ODA and the WC Act. The board stated that to interpret section 444 to require a final election to be taken by claimant prior to the applicable statute of limitations having expired, is to clearly strain the reading of this section.[3]

On remand, claimant's claim petition was reassigned, without objection, to Judge Baker. By decision circulated May 31, 1996, Judge Baker granted claimant's claim petition. Therein, Judge Baker found, based on the credible testimony of claimant and his medical expert, that claimant suffered from coal workers' pneumoconiosis causally related to coal dust exposure during his employment with employer. With respect to the issue of whether claimant was entitled to pursue his claim for workers' compensation benefits in light of his receipt of benefits pursuant to the ODA, Judge Baker opined that claimant's decision to pursue benefits under the ODA is an election which may be withdrawn and that a decision awarding benefits under the ODA does not preclude claimant from subsequently pursuing the more generous benefits available under the WC Act. Therefore, the WCJ concluded that, consistent with the board's June 24, 1994 decision, claimant did not make a final irrevocable election to only seek benefits under the ODA. Accordingly, Judge Baker ordered employer to pay claimant temporary total disability benefits at the rate of $366.76 per week beginning June 10, 1992 and continuing into the future consistent with the provisions of the WC Act.

Employer appealed Judge Baker's decision to the board. In a decision dated May 7, 1997, the board reversed Judge Baker's decision on the basis that claimant was precluded, pursuant to section 444 of the WC Act, from seeking workers' compensation benefits. The board opined that:

Claimant filed under both Acts and his claim was awarded pursuant to the OD

Act. Although on the one hand, Claimant never actively made a choice as to which Act he would proceed by before the final award was made, on the other hand, he failed to exercise his prerogative and make a choice during this proceedings. He allowed the Judge to hear evidence under both Acts and conclude under which Act Claimant satisfied the burden. So, when the Judge awarded benefits to Claimant under the OD Act, a choice was made for him. The Decision was not appealed.

Board opinion at 3. Claimant now appeals the board's order to this court.[4]

■ "[A] victim of occupational disease may claim benefits under the [WC] Act, the ODA or under both *in the alternative;* but before a final award is made, the claimant must make a choice, which choice is binding upon the [WCJ] and the Board." *Commonwealth v. Workmen's Compensation Appeal Board (Bushing's Inc.)*, 101 Pa.Cmwlth. 336, 516 A.2d 122, 124 (1986) (citing section 444 of the Act, 77 P.S. § 1000 and *Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Cmwlth. 83, 367 A.2d 377 (1977)). "Indeed, a claimant may file a claim under one statute and amend his petition during the course of the proceedings to follow the other statute." *Id.*

Herein, claimant argues that, although he pursued his initial claim for compensation under both the WC Act and the ODA, he never made an election to proceed solely under the ODA. Claimant contends that there is nothing in the two separate decisions circulated by Judge Spizer on March 27, 1991 that can be construed to mean that claimant elected to proceed under the ODA only. Claimant argues that the substance of section 444 is that claimant had the ultimate choice whether to proceed either under the WC Act or the ODA. Claimant contends that since he never elected to proceed under the ODA only, the board committed error in

---

3. Employer appealed the board's decision to this court. By order dated August 19, 1994, this court dismissed employer's appeal on the basis that the board's June 24, 1994 order was interlocutory.

4. This court's scope of review is limited to determining whether there has been a violation of

constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

reversing Judge Baker's award of benefits under the WC Act.

In response, employer argues that claimant's acceptance of benefits under the ODA and his failure to appeal the dismissal of his workers' compensation claim petition resulted in a "choice" to proceed solely under the ODA, thus barring a future workers' compensation claim. Employer contends that if claimant had any other intent other than to proceed under the ODA and accept the award, claimant would have evidenced this intent by filing an appeal to the dismissal of the workers' compensation claim by Judge Spizer.

We believe that the board correctly held that claimant is precluded pursuant to section 444 of the WC Act from bringing a second claim for workers' compensation benefits under the WC Act. As previously stated herein, claimant filed two separate claim petitions on November 6, 1989: One pursuant to the Act and one pursuant to the ODA. While claimant did not actively make an election to proceed solely under the ODA before Judge Spizer issued his decisions on each of the two petitions, claimant accepted the award of $125 per week pursuant to the ODA and did not appeal the decision issued by Judge Spizer denying his claim petition filed pursuant to the WC Act. Therefore, by not appealing, claimant did make a final choice regarding which act he wished to accept benefits under.

Contrary to claimant's contentions, given the facts of this case, we believe that our holding herein is consistent with this court's prior decisions regarding the issue presented in this matter. For example, in *City of Scranton, Department of Fire v. Workmen's Compensation Appeal Board (O'Donnell)*, 43 Pa.Cmwlth. 151, 401 A.2d 889 (1979), the claimant filed a fatal claim petition pursuant to the ODA.[5] The WCJ held that she was entitled to benefits under the WC Act, not

the ODA as claimed, and the board affirmed this award. On appeal to this court,[6] we held that the WCJ and the board had both erred in awarding benefits under the WC Act because the claim had been filed under the ODA and remanded the matter to the board for a proper adjudication under the ODA. *See O'Donnell v. City of Scranton*, 22 Pa.Cmwlth. 411, 349 A.2d 502 (1975).

By order dated November 24, 1976, the board made an award to the claimant under the ODA and she began receiving benefits. However, on December 31, 1975, *prior* to the board's November 24, 1976 ODA award, the claimant filed a fatal claim petition under the WC Act. The WCJ awarded claimant benefits pursuant to the WC Act and the board affirmed. The City of Scranton then appealed the board's award pursuant to the WC Act to this court.

On appeal, the City of Scranton argued that claimant was precluded from pursuing an award under the WC Act because she had already accepted benefits under the ODA. The City of Scranton contended that because the claimant actually accepted benefits under the ODA, she should be deemed to have made a final election. In rejecting this argument, we stated that the claimant would clearly have been able to amend her petition, in accordance with section 444 of the WC Act, so as to proceed under one act even after having begun under the other. *City of Scranton*, 401 A.2d at 892. The fact that the claimant chose instead to file a new claim petition, within the applicable statute of limitations, did not affect her right to so proceed. *Id.*

The distinguishing factor between *City of Scranton* and the instant appeal before this court is that in *City of Scranton*, the claimant began to receive benefits under the ODA *after* she had filed her claim under the WC Act *but before* any determination was

---

5. We note that the board relied on our holding in *City of Scranton* in its June 24, 1994 decision remanding this matter to Judge Spizer for a decision on the merits and rejected *City of Scranton* as controlling in its May 7, 1997 decision reversing Judge Baker's granting of claimant's claim petition.

6. We note that when the City of Scranton initially appealed the award to claimant under the ODA, we transferred the appeal to the court of

common pleas. Pursuant to section 427 of the ODA, 77 P.S. § 1527, an appeal from an action of the board regarding a claim under the ODA shall be to the court of common pleas. The court of common pleas concluded that claimant had succeeded in proving her husband's death to have been caused by an occupational disease and was entitled to benefits under the WC Act, but the court remanded the matter to the board after which the matter was again appealed to this court.

made as to the new petition filed under the WC Act. Herein, claimant simultaneously filed a claim petition under the ODA and a claim petition under the WC Act. He then permitted the WCJ to decide both petitions at the same time and accepted the award under the ODA and, in effect, accepted the denial of his claim for benefits under the WC Act by not appealing either decision. Accordingly, claimant did make a final election to proceed solely under the ODA and cannot now bring a second claim for benefits under the WC Act.

Accordingly, the order of the board is affirmed.[7]

### *ORDER*

NOW, this 26th day of January, 1998, the order of the Workers' Compensation Appeal Board, dated May 7, 1997, at No. A96–2232, is affirmed.

---

7. Claimant also argues in the body of his brief that the board erred in reversing Judge Baker's decision because the board had already determined in its June 24, 1994 remand decision that claimant could bring a second claim for benefits under the WC Act. Thus, claimant contends, it was not necessary for Judge Baker to revisit the same issue and the board never vacated its remand decision. We note that claimant has failed to include this issue in his statement of the question involved. Therefore, claimant has waived this issue and we will not address it. *See* Pa. R.A.P. 2116(a).