Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Joseph Zvonkovich *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Theodore T. Blair,* with him *Kuhn, Engle, Blair and Stein,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, November 13, 1975:

The instant appeal arises from a claim petition filed by appellant on December 21, 1973. The prayer for relief requested "an award for such compensation as may be due me under the Occupational Disease Compensation Act." At the hearing held January 30, 1974, counsel for appellant moved that any award be made under Section 301(g) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, *as amended,* 77 P.S.

§1401(g), (Act), to which appellee's counsel had no objection.

The referee awarded benefits to the claimant and on appeal, the Workmen's Compensation Appeal Board affirmed the referee. Appellant then appealed to this Court.

Section 427 of the Act, 77 P. S. §1527, provides, in part:

"Any party may appeal from any action of the board on matters of law to the court of common pleas of the county in which the employe was last employed prior to his disability or death or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth. . . ."

Although neither party to this appeal has raised the question of this Court's jurisdiction in this case, the Court may *sua sponte* raise the issue and transfer the appeal to a proper court. Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended*, 17 P. S. §211.503(b). In this case, a proper court of jurisdiction would include the Court of Common Pleas of Washington County, where the appellee was last employed, or the Court of Common Pleas of Greene County, where the appellee resides, or any court of common pleas, agreed to by the parties.

Accordingly, we enter the following

ORDER

NOW, November 13, 1975, it is hereby ordered that the above appeal is transferred to the Court of Common Pleas of Greene County, unless the parties to this action shall notify the Court within 30 days of their agreement that the action be transferred to a different court of proper jurisdiction in which case it shall be transferred to the agreed upon court. The Chief Clerk shall certify to the Prothonotary of the court to which this action is

transferred a photocopy of the docket entries of the above appeal and transmit to him the record of said appeal. The Chief Clerk is directed to mail copies of this transfer order to counsel for appellant who is directed to serve a copy thereof on all counsel.