Oscar Mayer & Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph McLaughlin, Respondents.

Commonwealth of Pennsylvania, Department of Labor and Industry, Intervenor.

Argued February 2, 1981, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*William R. Hourican,* of counsel, *Morgan, Lewis & Bockius,* for petitioner.

*Charles F. Love,* of counsel, *Feedman and Lorry,* for respondent, Joseph McLaughlin.

*Lawrence W. Dague,* Assistant Attorney General, for respondent, Workmen's Compensation Appeal Board.

OPINION BY JUDGE WILKINSON, JR., February 23, 1981:

Petitioner appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed an order of the referee awarding benefits under The Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 *et seq.,* to the claimant-respondent herein. Claiming disability due to exposure to chlorine gas, claimant petitioned for benefits pursuant to the provisions of The Pennsylvania Occupational Disease Act (Occupational Disease Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 *et seq.*

Benefits for disabilities due to occupational diseases may be claimed under either of the Acts or under both in the alternative.

[I]n all events the choice lies with the claimant. The referee and the Board are bound by the claimant's choice, and neither may unilaterally change a claim under one statute to a claim under the other statute. Moreover, the claimant has the power to amend his petition so as to claim benefits under the other statute and when properly made, such an amendment also binds the referee and the Board. (Footnote omitted.)

*Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Commonwealth Ct. 83, 90, 367 A.2d 377, 381 (1977).

The claim petition in the instant case, filed July 17, 1973, requests relief under the provisions of the Occupational Disease Act. The referee and the Board stated that the award granting benefits to the claimant was made pursuant to the Workmen's Compensation Act. Though claimant did not seek leave of the referee to amend his claim petition, the Board considered a sentence[1] in claimant's brief submitting findings of fact and conclusions of law to the referee to be an exercise of claimant's power to amend. We cannot regard a single sentence in a brief filed more than 15 months after the last evidentiary hearing in the case to be a proper amendment to the initial claim petition. "[W]here a petition is filed originally pursuant to the Occupational Disease Act, the Board must follow the provisions of that statute in its determination of the claim." *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,* 23 Pa. Commonwealth Ct. 634, 636, 353 A.2d 90, 91

---

[1] The first sentence in claimant's brief, submitted June 9, 1976 to the referee, read: "Primarily, the Claimant in this case has made the election to proceed under the Workmen's Compensation Act as amended, and not the Occupational Disease Act."

(1976). Since the case must be remanded, we need not address the other issues raised by petitioner.

Accordingly, we will enter the following

ORDER

AND Now, February 23, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-74030, issued December 13, 1979, is hereby vacated. It is ordered that this matter be remanded to the Workmen's Compensation Appeal Board for remand to the referee to allow amendment of the claim petition and for further consideration in a manner not inconsistent with this opinion, with authority to receive evidence as the Board, in its discretion, may find necessary and proper.

Judge MACPHAIL dissents.