Joseph John Skilone, Petitioner *v.* Workmen's Compensation Appeal Board (L. E. Smith Glass Company), Respondents.

Submitted on briefs March 12, 1984, to Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

*Joseph John Skilone,* petitioner, for himself.

*H. Reginald Belden, Jr., Stewart, Belden, Herrington & Belden,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., May 9, 1984:

Joseph John Skilone (claimant) appeals from an order of the Workmen's Compensation Appeal Board which affirmed the referee's denial of benefits sought under Section 301(i) of The Pennsylvania Occupational Disease Act (Act).[1]

Claimant filed a claim petition on May 12, 1980, under Section 301(i) of the Act, asserting that he suffered from totally disabling silicosis resulting from forty-nine years of glass manufacturing employment. After a hearing, the referee denied the claim upon concluding that claimant failed to prove total and permanent disability due to silicosis. Claimant appealed to this Court from the Board's order affirming the referee's decision disallowing benefits.

Although neither party has raised the jurisdictional question, this Court does not have jurisdiction over appeals from the board under the Act. Section 427 of the Act, 77 P.S. §1527; *Nye v. Workmen's Compensation Appeal Board (K & H Construction Co., Inc.),* 43 Pa. Commonwealth Ct. 98, 401 A.2d 875 (1979); *Workmen's Compensation Appeal Board (Zvonkovich) v. Jones & Laughlin Steel Corporation,* 21 Pa. Commonwealth Ct. 599, 347 A.2d 734 (1975)). Appeals from the board must be taken to a common pleas court of the county where the employe was last employed or the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to a common pleas court of

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(i).

any other county of this Commonwealth. 77 P.S. §1527.

Under Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a), which authorizes the transfer of an improperly filed appeal to the court with proper jurisdiction, we therefore transfer this matter to the Court of Common Pleas of Westmoreland County.[2] *See also* Pa. R.A.P. 751.

ORDER

AND Now, this 9th day of May, 1984, it is hereby ordered that the above appeal is transferred to the Court of Common Pleas of Westmoreland County, unless the parties to this action shall notify the Court within 30 days of their agreement that the action be transferred to a different court of proper jurisdiction in which case it shall be transferred to the agreed upon court. The Chief Clerk shall certify to the Prothonotary of the court to which this action is transferred a photocopy of the docket entries of the above appeal and transmit to him the record of said appeal. The Chief Clerk is directed to mail copies of this transfer order to petitioner and counsel for respondent.

---

[2] Claimant was last employed, prior to his purported disability, in Westmoreland County.