516 A.2d 122

Commonwealth of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bushing's, Inc., and William L. Dietzel, Respondents.

Submitted on briefs August 12, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*John T. Kupchinsky,* Assistant Counsel, with him, *Henry A. Riley,* Assistant Counsel, for petitioner, Commonwealth of Pennsylvania.

No appearance for respondents.

OPINION BY JUDGE MACPHAIL, October 20, 1986:

In this appeal, the Department of Labor and Industry (Commonwealth) contends that the Workmen's Compensation Appeal Board (Board) erred when it held that the Commonwealth was liable for twenty-five percent (25%) of the compensation awarded to the Claim-

ant, William L. Dietzel, who was found to be totally disabled by anthraco-silicosis and emphysema.

Section 305.1 of The Pennsylvania Workmen's Compensation Act (WC Act),[1] imposes liability upon the Commonwealth for a percentage of workmen's compensation benefits due to workers disabled by silicosis, anthraco-silicosis or coalworkers pneumoconiosis where the disability occurs between July 1, 1973 and June 30, 1976. The percentage the Commonwealth must pay depends upon the date disability occurs.

In the case *sub judice,* the Claimant was employed in various anthracite coal mines from 1927 to 1939. He was employed by Bushing's, Inc. from 1950 to 1975. On August 2, 1977, a referee handed down a decision finding that under the provisions of the WC Act the Claimant was exposed to a silica hazard in the coal mines and in the place of his last employment (Bushing's, Inc.). When the Commonwealth appealed, that decision was remanded by the Board to the referee for more specific findings to determine whether the Claimant had proven exposure to a hazard under the provisions of "Section 108(q) of the Workmen's Compenstion Act."[2] After a further hearing, a referee concluded that Claimant had not been exposed to a silica hazard at Bushing's, Inc. and dismissed the claim. The Claimant appealed to the Board which then vacated its original remand order, denied the Commonwealth's appeal from the referee's decision of August 2, 1977 and reinstated the referee's award. All references in the Board's opinion are to provisions of the WC Act.

In its appeal to this Court, the Commonwealth contends that since Section 108(q) of the WC Act, 77 P.S.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1.

[2] 77 P.S. §27.1(q).

§27.1(q) limits anthraco-silicosis and silicosis to "direct contact with, handling of or exposure to the dust of anthracite or bituminous coal" and Claimant had no such exposure after 1939, the Commonwealth could not be liable for any part of Claimant's compensation. Section 301(c)(2) of the WC Act, 77 P.S. §411(2) imposes such liability only where the exposure to occupational disease "as defined" in Section 108 of the Act, occurs after June 30, 1973.

Our difficulty in this case is that Claimant's claim petition is filed under The Pennsylvania Occupational Disease Act (OD Act), Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§1201—1603. Under the definitions section of that statute, Section 108(k), 77 P.S. §1208(k), "occupational disease" includes silicosis and anthraco-silicosis incurred in any occupation "involving direct contact with, handling of, or exposure to the dust of anthracite or bituminous coal *and/or dust of silicon dioxide (SiO$_2$)*". (Emphasis added.) It thus will be observed that exposure under the OD Act is not limited to coal dust. Moreover, liability is allocated differently between the Commonwealth and the employer under the OD Act. *See* Section 301(g) of the OD Act, 77 P.S. §1401(g).

Although this Court has said in the past that it will not permit form to prevail over substance where the facts warrant relief in workmen's compensation cases,[3] we are not dealing here with the Claimant's entitlement to relief. His award remains intact, whatever our decision may be in this case. There is a jurisdictional distinction between the two Acts that goes far beyond the technical requirements of filing a claim under one Act

---

[3] *See Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984).

or the other; appeals under the OD Act lie with the court of common pleas and not this Court. Section 427 of the OD Act, 77 P.S. §1527. *See also Workmen's Compensation Appeal Board v. City of Hazelton,* 21 Pa. Commonwealth Ct. 522, 347 A.2d 332 (1975).

This Court has also decided that a victim of occupational disease may claim benefits under the WC Act, the OD Act or under both *in the alternative;* but before a final award is made, the claimant must make a choice, which choice is binding upon the referee and the Board. *Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977); Section 444 of the WC Act, 77 P.S. §1000. Indeed, a claimant may file a claim under one statute and amend his petition during the course of the proceedings to follow the other statute. *Id.*

In the instant appeal, as we have noted, the Claimant commenced his action under the OD Act. No effort was ever made to amend that petition. Both the referee and the Board decided the case under the WC Act. This was error. The claimant makes the choice of which statute to follow; neither the referee nor the Board can change that course of action *sua sponte. Workmen's Compensation Appeal Board v. Wlodarczyk,* 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975).

As we have also noted, it is crucial in this appeal for us to know under which statute the Claimant is proceeding. Under the circumstances, we have no choice but to remand this case to the Board for the purpose of having a proper determination of the Commonwealth's liability under the OD Act or an election made by the Claimant to proceed under the WC Act. *See City of Hazelton v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

## ORDER

That part of the order of the Workmen's Compensation Appeal Board dated January 21, 1982 which denied the appeal of the Commonwealth of Pennsylvania, Department of Labor and Industry, from the referee's decision of August 2, 1977, is vacated and the case is remanded to the Workmen's Compensation Appeal Board for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.