537 A.2d 61

Donald L. Smith *v.* Commonwealth of Pennsylvania, Bureau of Workers' Compensation and United States Steel Corp. Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant.

Argued October 8, 1987, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul E. Baker,* Acting Deputy Chief Counsel, with him, *Michael D. Alsher,* Assistant Counsel, for appellant.

*Anthony J. Kovach,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 3, 1988:

Before this Court in this workmen's compensation case is the appeal of the Commonwealth of Pennsylvania from an order of the Common Pleas Court of Greene County which affirmed an order of the Workmen's Compensation Appeal Board (Board) in affirming a referee's order requiring the Commonwealth to pay disability benefits for an occupational disease only under Section 301(g) of The Pennsylvania Occupational Disease Act (OD Act).[1] The disability involved is from coal worker's pneumoconiosis which is one of the enumerated diseases made compensable under the provisions in Section 108(k) of the OD Act, 77 P.S. §1208(k).

The sole issue presented for our review is whether the Claimant, Donald L. Smith, suffering such an occupational disease, has an option to seek benefits either under Section 108(q) of The Pennsylvania Workmen's Compensation Act (WC Act)[2] or under Section 108(k) of The Pennsylvania Occupational Disease Act, there being no question otherwise as to the liable employer, if Claimant were seeking compensation and benefits under the WC Act, U. S. Steel Corporation being the only

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401, which in pertinent part provides:

> And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth.

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(q).

potentially liable employer. Under the OD Act, only the Commonwealth of Pennsylvania would be liable,[3] which gives rise to the contention urged here by the Commonwealth that Claimant, if "qualified" for benefits under the WC Act has no option to seek benefits under the OD Act. The Commonwealth presses this contention on two grounds: (1) its construction of the language in Section 444 of the WC Act, 77 P.S. §1000, and (2) the option of the OD Act chosen by Claimant places a burden on the taxpayers of the Commonwealth which rightfully should be imposed on the responsible employer, which would be the case had Claimant chosen to proceed under the WC Act.

Considering first the latter of these two contentions, while we understand and applaud the view that taxpayers should not be burdened with the responsibilities and financial obligations of employers, we must reject this contention, since we believe that our decision here must be based solely on the interpretation of the relevant provision of the Pennsylvania statute, Section 444 of the WC Act, which leads us to the Commonwealth's first contention. Section 444, 77 P.S. §1000, reads:

> No person who is qualified for or is receiving compensation under this act, shall, with respect to the same period, receive compensation under the Pennsylvania Occupational Disease Act: Provided, however, That any person may pursue, *in the alternative,* a claim for compensation under the Pennsylvania Occupational Disease Act. (Emphasis added.)

Emphasizing the opening phrase "no person who is qualified for . . . ," the Commonwealth argues that since the Claimant here would be qualified for benefits under the WC Act he is not free to receive benefits un-

---

[3] See Footnote No. 1 above.

der the OD Act. To agree with this view would raise an inconsistency and perhaps make plain nonsense out of the proviso clause which follows "that any person may pursue, in the alternative, a claim for compensation under the Pennsylvania Occupational Disease Act." We need not be concerned with this, however, since this Court, to our satisfaction, has resolved this question by our decision in the case of *Commonwealth v. Workmen's Compensation Appeal Board (Bushing's, Inc.)*, 101 Pa. Commonwealth Ct. 336, 516 A.2d 122 (1986). We there stated:

> This Court has also decided that a victim of occupational disease may claim benefits under the WC Act, the OD Act or under both *in the alternative;* (Emphasis in original) but before a final award is made, the claimant must make a choice, *which choice is binding upon the referee and the Board*. (Emphasis added.) Industrial Services Contracting, Inc. v. Wilson, 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977); Section 444 of the WC Act, 77 P.S. §1000. Indeed, a claimant may file a claim under one statute and amend his petition during the course of the proceedings to follow the other statute. Id.
>
> In the instant appeal, as we have noted, the Claimant commenced his action under the OD Act. No effort was ever made to amend that petition. *Both the referee and the Board decided the case under the WC Act. This was error.* (Emphasis added.) The claimant makes the choice of which statute to follow; neither the referee nor the Board can change that course of action *sua sponte*. Workmen's Compensation Appeal Board v. Wlodarczyk, 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975).

*Id*. at 340, 516 A.2d at 123-124.

It is conclusive, therefore, that the Claimant while filing petitions under both Acts in the instant case, withdrew with the approval of the referee his Claim Petition for benefits under the WC Act.[4]

Accordingly, we will affirm the order of the Common Pleas Court of Greene County,[5] affirming the decisions of the compensation authorities which granted benefits to Claimant under the OD Act.

## ORDER

Now, February 3, 1988, the order of the Court of Common Pleas of Greene County, as of Misc. No. 37 of 1986, dated September 9, 1986, is hereby affirmed.

---

[4] We note that the Claimant has forfeited by his exercised option the substantially higher benefits payable under the W.C. Act.

[5] As noted in *Commonwealth v. Workmen's Compensation Appeal Board (Bushing's, Inc.),* cited in this opinion, appeal from the Board under the OD Act is to the common pleas court from which an appeal can then be taken to this Court, whereas under the WC Act the appeal would have come directly to this Court. *Skilone v. Workmen's Compensation Appeal Board (Smith Glass Co.),* 82 Pa. Commonwealth Ct. 311, 474 A.2d 1221 (1984).