598 A.2d 613

**William B. FLANAGAN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (U.S. STEEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 12, 1991.

Decided Oct. 18, 1991.

Walter D. Campbell, for petitioner.

Ronald F. Bove', for respondent.

Before DOYLE, and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

William B. Flanagan (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board), which affirmed a decision of the referee dismissing Claimant's petition for occupational disease benefits under Section 108 of The Pennsylvania Occupational Disease Act (Act).[1]

Claimant was employed by U.S. Steel Corporation, Fairless Works (Employer) as a motor inspector from 1944 to 1983. On May 27, 1983, Claimant discontinued his employ-

---

**1.** Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. § 1208. We note that this matter should have been appealed to the court of common pleas pursuant to Section 933(a)(1)(iv) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(iv). Since the respondent does not object to our jurisdiction, and since the case would be appealable from the common pleas court to this Court, we will exercise our jurisdiction, and thus promote judicial economy.

ment alleging that he was totally disabled due to emphysema with advance chronic air flow obstruction resulting from exposure to asbestos while working for Employer.

Claimant testified on his own behalf. He also presented the testimony of three co-workers, and the deposition testimony of J. Stephen Duerr, Ph.D., an expert who provided scientific analysis of sample material taken from Employer's plant. Claimant also presented the deposition testimony of Gerald J. Effinger, M.D., who is board certified in both internal medicine and pulmonary diseases. Employer presented the medical report of Harold L. Israel, M.D., who examined Claimant at Employer's request.

The following are pertinent findings of fact as formulated by the referee:

3. The Referee accepts the testimony of Claimant and his witnesses concerning Claimant's exposure to asbestos and finds that Claimant was exposed to asbestos in his place of employment.

. . . .

5. In Dr. Effinger's opinion asbestos exposure played a significant role in Claimant's disability. The doctor diagnosed Claimant as having pulmonary diseases obstructive and restrictive. Dr. Effinger also opined that Claimant is totally disabled from performing any occupation.

6. In Dr. Israel's opinion Claimant's chest x-ray shows no evidence of asbestos related changes and the pulmonary function tests are consistent with emphysema and not with interstitial lung disease.

7. The Referee accepts the medical report of Dr. Israel.

8. The Referee is not persuaded by the testimony of Dr. Effinger and rejects those portions of the testimony that are inconsistent with the report of Dr. Israel.

9. Claimant had been a heavy smoker. He stopped in 1971.

10. Claimant has failed to prove that he is totally and permanently disabled due to emphysema with advanced

chronic air flow of suction as a result of his exposure to asbestos.

The referee rejected Claimant's claim for compensation on the basis that he failed to meet his burden of proving that he is disabled as a result of emphysema caused by his exposure to asbestos. Claimant appealed to the Board. He also petitioned for rehearing to introduce the testimony of Hugh J. Mullin, M.D., a radiologist, to refute Dr. Israel's report. The Board affirmed the referee's decision to deny benefits and, in addition, denied Claimant's petition for rehearing. This appeal followed.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the referee's findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Claimant argues that since both medical experts agreed that Claimant suffered from emphysema, the referee erred in not finding that the asbestos in the workplace was a cause of Claimant's disability. Claimant argues that he has provided sufficient proof of his disability and its causal connection to the exposure to asbestos. Claimant acknowledges that he "has the burden of proving that an injury arose in the course of employment and was causally connected with [his] work." *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Commonwealth Ct. 164, 167, 578 A.2d 83, 85 (1990).

Claimant's doctor found that Claimant was suffering from severe obstructive pulmonary disease, which is related to emphysema. The doctor also found restrictive pulmonary components, which are indicative of asbestos exposure. He did point out that Claimant's chest x-ray did not reveal evidence of pleural thickening or pleural plaque, which if found would be indicative of asbestos exposure. He indicated though that he believed Claimant's asbestos exposure was a substantial and significant factor in causing his emphysema. The referee, however, accepted the opinion of

Employer's doctor who opined in his report that Claimant's "chest x-ray shows no evidence of asbestos related changes and the pulmonary function tests are consistent with emphysema and not with interstitial lung disease [a characteristic of asbestosis]." Defendant's Exhibit D-1.

Although the referee accepted Employer's medical report, we conclude that this finding is not supported by substantial evidence. The medical report submitted by Employer is the only evidence presented by Employer. The report is actually a letter written by Dr. Israel to John Caruso, M.D., the Medical Director at Employer's Fairless Works plant, detailing his opinion concerning Claimant's disability and its cause. The letter is not sworn testimony and pursuant to Section 422 of the Act, *as amended*, 77 P.S. § 1522 [2] may not be admitted as substantive evidence because the claim at issue is for more than five weeks. *Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burke and Humetrics Corp.)*, 114 Pa.Commonwealth Ct. 191, 538 A.2d 617 (1988).[3]

Although hearsay may be admissible and may support findings of fact in certain circumstances under the evidentiary rules applicable in administrative proceedings, this is

2. Section 422 provides in pertinent part that:
   The board, its members and the referees shall not be bound by the technical rules of evidence in conducting hearings and investigations, but all findings of fact shall be based only upon sufficient, competent evidence to justify them.
   . . . .
   Where any claim for compensation at issue before a referee involves five weeks or less of disability, either the employe or the employer may submit a certificate by any qualified physician as to the history, examination, treatment, diagnosis and cause of the conditions, and the statements shall be admissible as evidence of medical and surgical matters therein stated, but such statements and certificates shall not be admissible in any subsequent proceeding.

3. Although in *Vital Signs* Section 422 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 835, was at issue rather than Section 422 of The Pennsylvania Occupational Disease Act at issue here, we believe that the two provisions should be interpreted in the same fashion. The critical language of the two statutes are nearly identical except for the number of weeks of disability involved.

not such a case. *Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987). In *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976) this Court set forth the following guidelines concerning use of hearsay to support findings of fact:

> (1) Hearsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board. . . . (2) Hearsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand. (Emphasis in original.)

The application of the *Walker* rule to the case *sub judice* results in a lack of competent evidence to support the referee's findings. Dr. Israel's report was not objected to, nor was it corroborated by any competent evidence where it differed from the testimony of Claimant's doctor.

Having determined that the only admissible evidence on the record is that which was submitted by Claimant, we must apply the capricious disregard standard as addressed in *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).[4] The *Kirkwood* court states that:

> [w]here, however, the party with the burden of proof is the *only* party to present evidence, and that party does *not* prevail before the agency, we must first examine the record to determine whether that party as a matter of law, has met his burden. If he has not, we will affirm the agency decision. If, on the other hand, it appears that the burdened party *has* presented sufficient competent evidence that, *if believed,* would overcome his burden of proof, and it is not clear from the adjudication that a

4. Where the burdened party is the only party to present evidence and does not prevail before the agency, our scope of review is whether the agency erred as a matter of law or capriciously disregarded competent evidence. *Kirkwood.*

credibility determination has been made, we will remand the matter to the agency for the proper findings and conclusions of law following those findings. *We will not infer a credibility determination merely from the decision of the factfinder against the party with the burden of proof.* Last, if we determine that the adjudication contains an error of law, we will reverse, even if the testimony of the burdened party is found credible by the factfinder.

*Id.,* 106 Pa.Commonwealth Ct. at 97–98, 525 A.2d at 845 (emphasis in original).

A perusal of the referee's findings of facts reveals a lack of an explicit determination concerning the credibility of Claimant's medical witness, except with reference to Dr. Israel's report which we have concluded is inadmissible. Therefore, we vacate and remand for proper findings and conclusions of law.[5]

### ORDER

AND NOW, this 18th day of October, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and remanded for the referee to make additional findings of fact, based on the existing record, consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**5.** In light of our decision to remand, we need not address Claimant's argument concerning the denial of his petition for rehearing.