603 A.2d 689

Gloria KONDRAT, Widow, Albert Kondrat,
Deceased, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (WESTINGHOUSE ELECTRIC
CORPORATION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted July 5, 1991.

Decided Feb. 6, 1992.

Timothy Conboy, for petitioner.

Michael W. Brant, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's denial of the dependents' claim of Gloria Kondrat. We vacate and remand.

Mrs. Kondrat filed a fatal claim petition for dependents' benefits following the death of her husband, Albert Kond-

rat.[1] The referee found the following relevant facts giving rise to that claim. Albert Kondrat was employed by Westinghouse Electric Corporation as an expediter in the purchasing department of the Nuclear Operations Division. He and his wife attended an employer-sponsored dinner dance on Saturday, March 12, 1983. The dance was a social function intended to build and foster employee morale and company spirit. During the cocktail hour Mr. Kondrat ate hors d'oeuvres containing shellfish and soon after dinner his face became flushed and puffy. He went to the restroom and did not return. His wife went searching for him and discovered a crowd had gathered outside the men's room and she was advised that her husband had taken ill inside. Mr. Kondrat was taken by ambulance to Central Medical Pavilion where personnel advised Mrs. Kondrat of her husband's death.

Mrs. Kondrat's claim is based on her belief that her husband died as a result of an allergic reaction to shellfish which he ate at the dance. The referee found, however, that Mr. Kondrat died as a result of heart disease and not from an allergic reaction. The referee based his findings regarding the cause of death on a death certificate and an autopsy and toxicology report. Employer presented no sworn testimony nor other evidence to corroborate these reports.

Mrs. Kondrat raises the following issues in this appeal: 1) whether the referee's findings concerning the cause of death are supported by substantial evidence since Employer's evidence was not competent; 2) whether the referee erred by admitting the death certificate and autopsy and toxicology reports when there was no corroborating evidence; 3) whether the referee capriciously disregarded Claimant's evidence regarding the cause of her husband's death; and 4) whether the referee erred by determining that the testimony of Claimant's medical witnesses was equivocal or ambiguous.

1. Section 306(g) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 541.

■ The first issue for our consideration challenges the competency of the autopsy report and death certificate to prove the cause of Mr. Kondrat's death. Claimant objected to the admission of both items of evidence on hearsay grounds, but the referee overruled those objections.

The strict rules of evidence do not apply to workmen's compensation hearings. The Act provides that:

Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same.

Section 422 of the Act, *as amended*, 77 P.S. § 834. This provision permits an information gathering process which favors admitting all offered evidence into the record.

■ However, we recognize the applicability of the rule established in *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976).[2] In *Walker*, we held that hearsay evidence admitted *without objection* may be used to support a finding if it is corroborated by any competent evidence in the record. *See Flanagan v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 143 Pa.Commonwealth Ct. 92, 598 A.2d 613 (1991). Conversely, hearsay evidence, properly objected to, is not competent to support a finding of fact and is to be excluded from the record. *Walker*. The death certificate[3] and the autopsy report in the case *sub judice* were objected to on hearsay grounds; hence, the referee should not have admitted these reports into the record. Therefore, because Employer offered no other evidence to prove that Mr. Kondrat died from arteriosclerotic heart disease the referee erroneously drew that conclusion.

**2.** The holding in *Walker* is applicable to workmen's compensation cases. *See e.g., Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Management)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987).

**3.** We note that a lay deputy coroner signed the death certificate at issue here and, therefore, it is not competent to prove the cause of death. *Leonard v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 200, 433 A.2d 572 (1981).

■ The second issue raised by Mrs. Kondrat is whether the referee capriciously disregarded her evidence concerning the cause of her husband's death. The Board citing *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), held that the capricious disregard standard applies in cases where the party with the burden of proof is the only party to present evidence. While this is indeed a correct statement of law the Board erroneously concluded it did not apply to this case. When the party without the burden of proof does not present any *competent* evidence it is the same as if that party presented no evidence. Since evidence which is not competent may not support findings of fact, the referee may not consider it and is left to consider only the evidence of the party with the burden of proof. The capricious disregard standard is the correct standard in such instances. *Flanagan.* Accordingly, the referee's failure to apply that standard was error.

■ Finally, Claimant argues that the referee erroneously found that the testimony of her medical experts was equivocal, ambiguous, inconsistent and legally insufficient. We agree that the referee wrongly construed the evidence. Medical testimony is unequivocal and sufficient if the expert testifies that in his professional opinion he believes the fact exists. *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States)*, 96 Pa.Commonwealth Ct. 613, 508 A.2d 624 (1986). In this case Dr. Murcek testified as follows:

Q. Do you have an opinion within a reasonable degree of medical certainty as to what the cause of Mr. Kondrat's death was?

A. I feel very strongly that Mr. Kondrat died from an anaphylactic episode as a result of ingestion of shrimp to which he was allergic.

Murcek Deposition of February 12, 1987, p. 31.

This clear statement of opinion is neither equivocal nor ambiguous and satisfies the test espoused by *Andracki.*

Because the referee failed to correctly apply the capricious disregard standard and based his decision on "incompetent evidence," we vacate and remand to the referee for new findings and conclusions consistent with the foregoing opinion.

## ORDER

AND NOW, this 6th day of February, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and remanded.

Jurisdiction relinquished.