609 A.2d 856

**GENERAL REFRACTORIES COMPANY and the Travelers Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WRIGHT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 1992.

Decided May 12, 1992.

Reargument Denied June 29, 1992.

Phyllis T. Procopio, for petitioners.

James R. Di Francesco, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of General Refractories Company (Employer) from the order of the Workmen's Compensation Appeal Board (Board), affirming the referee's modification of benefits to Orville Wright (Wright) as well as the granting of Mrs. Wright's fatal claim petition. We affirm in part and vacate and remand in part.[1]

Wright worked in Employer's brickyard, making dyes and molds. On August 28, 1980, Wright filed a claim petition, stating that he had become disabled as a result of silicosis caused by his employment with Employer. The referee awarded Wright partial disability benefits. On February 3, 1988, Wright filed a petition for modification, asserting that he had become totally and permanently disabled as a result of his work-related injury.

On January 13, 1989, Wright died. His widow (Mrs. Wright) filed a fatal claim petition under The Pennsylvania Occupational Disease Act [2] (Occupational Disease Act) before the referee held the hearing on the pending modification

---

1. Here as in *Flanagan v. Workmen's Compensation Appeal Board (United States Steel Corp.)*, 143 Pa.Commonwealth Ct. 92, 598 A.2d 613 (1991), this matter should have been appealed to the court of common pleas pursuant to Section 933(a)(1)(iv) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(iv). Because Employer did not raise this issue, and since this case would be appealable from the common pleas court to this Court, we will again exercise our jurisdiction to promote judicial economy.

2. Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§ 1201–1603.

petition. However, Employer filed its answer to Mrs. Wright's Occupational Disease Act fatal claim petition under The Pennsylvania Workmen's Compensation Act [3] (Workmen's Compensation Act) (111a). The referee consolidated the claims with no objection from the parties. The referee granted both the modification and fatal claim petitions under the Workmen's Compensation Act. The Board affirmed.

On appeal to this Court,[4] Employer argues that: (1) Mrs. Wright cannot receive benefits under the Workmen's Compensation Act when a fatal claim petition was filed under the Occupational Disease Act; and (2) the referee's findings are not supported by substantial evidence.

■ Employer argues that neither the referee nor the Board can award benefits under the Workmen's Compensation Act when a fatal claim petition is filed under the Occupational Disease Act. *Commonwealth v. Workmen's Compensation Appeal Board (Bushing's, Inc.)*, 101 Pa.Commonwealth Ct. 336, 516 A.2d 122 (1986); *Industrial Services Contracting, Inc. v. Wilson*, 28 Pa.Commonwealth Ct. 83, 367 A.2d 377 (1977). Section 444 of the Workmen's Compensation Act, 77 P.S. § 1000 provides:

No person who is qualified for or is receiving compensation under this act, shall, with respect to the same period, receive compensation under The Pennsylvania Occupational Disease Act; Provided, however, That any person may pursue, in the alternative, a claim for compensation under this act and a claim for compensation under The Pennsylvania Occupational Disease Act. (Footnote omitted.)

Mrs. Wright chose to file under the Occupational Disease Act. It was the Employer that erroneously filed its answer under the Workmen's Compensation Act. While the claimant correctly made the choice of which statute to follow, the

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

4. This Court's scope of review in a workmen's compensation case is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

referee here decided this case under the Workmen's Compensation Act. Employer has alleged no prejudice; however, the law is that neither the referee nor the Board can change the form of action *sua sponte*. *Bushing's, Inc.; Oscar Mayer & Co. v. Workmen's Compensation Appeal Board*, 57 Pa.Commonwealth Ct. 54, 425 A.2d 879 (1981); *O'Donnell v. City of Scranton, Department of Fire*, 22 Pa.Commonwealth Ct. 411, 349 A.2d 502 (1975); *Workmen's Compensation Appeal Board v. Wlodarczyk*, 21 Pa.Commonwealth Ct. 495, 347 A.2d 763 (1975).

While we note that it has long been the rule in workmen's compensation cases that the form of the petition filed is not controlling where the facts warrant relief, and that if a claimant is entitled to relief under any *section* of the Workmen's Compensation Act, his or her petition will be considered as filed under that section, *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa.Commonwealth Ct. 538, 475 A.2d 972 (1984), such is not the case where relief is under another act.

In *Bushing's, Inc.,* this Court stated:

Although this Court has said in the past that it will not permit form to prevail over substance where the facts warrant relief in workmen's compensation cases, we are not dealing here with the Claimant's entitlement to relief. *His award remains intact,* whatever our decision may be in this case. There is a jurisdictional distinction between the two Acts that goes far beyond the technical requirements of filing a claim under one Act or the other; appeals under the [Occupational Disease] Act lie with the court of common pleas and not this Court. Section 427 of the [Occupational Disease] Act, 77 P.S. § 1527. See also *Workmen's Compensation Appeal Board v. City of Hazelton*, 21 Pa.Commonwealth Ct. 522, 347 A.2d 332 (1975).

*Id.,* 101 Pa.Commonwealth Ct. at 339–40, 516 A.2d at 123 (emphasis added).

█ We have carefully reviewed the record in this case and hold that the referee's findings are supported by substantial

evidence.[5]  Therefore, we affirm the Board's order granting modification.  However, we must remand to the Board for a decision, based solely upon Mrs. Wright's fatal claim petition, under the Occupational Disease Act consistent with this opinion.

## ORDER

AND NOW, this 12th day of May 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed as to the modification and vacated and the case is remanded for proceedings concerning the fatal claim petition consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**5.** Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988).