578

639 A.2d 941

WESTINGHOUSE ELECTRIC CORPORATION, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (KONDRAT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 1994.

Decided March 18, 1994.

Michael W. Brant, for petitioner.

Daniel K. Bricmont, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Westinghouse Electric Corporation (Employer) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the referee's granting of fatal claim benefits to Gloria Kondrat (Claimant). We affirm.

Albert F. Kondrat (Decedent) worked for Employer as an expeditor for the purchasing department in the nuclear operations division. While attending an Employer-sponsored dinner, Decedent died. Claimant filed a fatal claim petition, alleging that Decedent died as a result of an allergic reaction after ingesting shellfish at the Employer-sponsored dinner. Employer denied that the cause of Decedent's death was work-related.

Before the referee, Claimant presented the testimony of Leonard D. Leibowitz, M.D., and Martin A. Murcek, M.D., who testified that Decedent died as a result of an allergic reaction after ingesting shellfish. Employer offered into evidence the death certificate and autopsy report which described Decedent's death as a natural one, caused by arteriosclerotic cardiovascular disease. Claimant objected on the basis that the death certificate and autopsy report were hearsay. The referee overruled the objection.

The referee dismissed Claimant's petition, finding that Dr. Murcek's testimony was equivocal, relying instead on Employer's evidence, i.e. the death certificate and autopsy report. The WCAB affirmed.

On appeal to this Court, we reversed on the basis that the referee's findings concerning the cause of death were not supported by substantial evidence. *Kondrat v. Workmen's Compensation Appeal Board (Westinghouse Electric Co.),* 145 Pa.Commonwealth Ct. 428, 603 A.2d 689 *appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992) (*Kondrat I* ). We held that Employer's evidence, i.e., the death certificate and autopsy report, was uncorroborated hearsay, properly objected to by Claimant and thus, inadmissible under *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976). Thus, we held that the referee's reliance on this inadmissible hearsay did not support the finding that Claimant died from natural causes. We further held that because Employer introduced no evidence other than the inadmissible hearsay, that the referee capriciously disregarded the evidence presented by Claimant as she was the only one to present medical evidence in support of the cause of Decedent's death, citing *Russell v. Workmen's Compensation Appeal Board (Volkswagen),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

We also held that the referee erroneously found Dr. Murcek's testimony to be equivocal. Dr. Murcek testified that Decedent's cause of death was from an "anaphylactic episode as a result of ingestion of shrimp to which he was allergic." (Murcek Deposition of February 12, 1987 at 31). Because medical testimony is unequivocal and sufficient if the expert testified in his professional opinion he believes the fact exists under *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance),* 96 Pa.Commonwealth Ct. 613, 508 A.2d 624 (1986),[1] and because Dr. Murcek so testified, we vacated and remanded to the referee for new findings and conclusions consistent with this February 6, 1992 opinion, i.e. *Kondrat I.*

1. Appeal denied on October 24, 1986, no citation available.

On remand, the referee did not consider the inadmissible hearsay evidence and found Dr. Murcek's testimony credible that Decedent sustained an anaphylactic episode as a result of ingestion of shrimp and that his death was caused and related to his employment. (Referee's Findings of Fact 17 and 18 from the February 10, 1993 order). The WCAB affirmed.

■ Employer now appeals, arguing that because *Kondrat I* remanded for new findings of fact and conclusions of law that the referee was "forced to alter findings of fact and conclusions of law which state that the testimony of Claimant's medical expert is unequivocal and insufficient." (Employer brief at 8). We do not agree.

We have repeatedly held that when determining issues of fact, the referee makes credibility decisions, resolves evidentiary conflicts and weighs the evidence presented. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa.Commonwealth Ct. 590, 377 A.2d 1007 (1977). In so doing, the referee may accept or reject the testimony of any witness, including medical experts in whole or in part. *Klaric v. Workmen's Compensation Appeal Board (National Castings)*, 71 Pa.Commonwealth Ct. 91, 455 A.2d 217 (1983). The referee also has the authority to reject uncontradicted testimony. *Miller v. Workmen's Compensation Appeal Board (Pocono Hospital)*, 114 Pa.Commonwealth Ct. 405, 539 A.2d 18, appeal denied, 520 Pa. 580, 549 A.2d 139 (1988). In *Kondrat I*, we corrected legal errors in the referee's original opinion and remanded for new findings and conclusions consistent with that opinion.

The referee's subsequent decision relies on Dr. Murcek's substantial, competent and unequivocal testimony which supports the findings that the Decedent's death was caused by and related to his employment. In no way did this Court direct the referee to reach a specific result or restrict the referee's authority to reject even Dr. Murcek's uncontradicted evidence.

Employer also argues that the referee erred in failing to consider the death certificate and rule on its weight because the death certificate was only offered to "show the cause of

death only." (Employer brief at 11). In *Kondrat I,* we stated:

> The first issue for our consideration challenges the competency of the autopsy report and death certificate to prove the cause of Mr. Kondrat's death. Claimant objected to the admission of both items of evidence on hearsay grounds, but the referee overruled these objections.

*Kondrat I,* 145 Pa.Commonwealth Ct. at 431, 603 A.2d at 691.

> The death certificate and autopsy report in the case *sub judice* were objected to on hearsay grounds; hence the referee should not have admitted these records into the record. Therefore, because Employer offered no other evidence to prove that Mr. Kondrat died from arteriosclerotic heart disease, the referee erroneously drew that conclusion (citation omitted).

*Id.*

■ Employer veils an attempt to circumvent the. hearsay rule stating that the death certificate should be considered because it was not offered to prove the truth of the matter asserted but only to show the "cause of death." Maybe one could argue that the death certificate would not be hearsay if only to show that Decedent died, or that the certificate was issued, but Employer wants this Court to rely on the death certificate to show the *cause* of death. We held the death certificate and autopsy report to be inadmissible hearsay based on *Walker* in *Kondrat I,* upon which the Supreme Court refused to grant an appeal and thus that holding is "the law of the case, and cannot be subsequently reviewed. *See Sanchez v. Philadelphia Housing Authority,* 148 Pa.Commonwealth Ct. 329, 611 A.2d 346 (1992). Therefore, we hold that the WCAB did not err in affirming the referee's grant of fatal claim benefits to Claimant.

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of March, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.