Gregory **CREATURO**, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (TOWNSHIP OF SHALER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 1998.

Decided Feb. 13, 1998.

Reconsideration Denied April 14, 1998.

Patricia L. Blais, Pittsburgh, for petitioner.

J. Brendan O'Brien, Pittsburgh, for respondent.

Before COLINS, President Judge, KELLEY, J., and LORD, Senior Judge.

COLINS, President Judge.

Gregory Creaturo (Creaturo) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming denial of benefits on the ground that Creaturo failed to produce evidence that his injury and disability were caused by his work as a volunteer fire fighter.

On November 22, 1994, Creaturo suffered a myocardial infarction (MI) while working as a volunteer fire fighter responding to a car fire. Before the workers' compensation judge (judge), Creaturo presented the expert medical testimony of Dr. Daljit Singh, one of Creaturo's treating physicians. Dr. Singh testified that Creaturo's fire-fighting activities—the physical exertion of running uphill carrying his fire-fighting gear and his inhaling smoke from the fire—caused the MI. For the employer and its insurer, Dr. Michael Blanc testified that Creaturo's MI resulted from pathophysiologic causes unrelated to his fire-fighting activities. The judge found Dr. Blanc more credible based on his greater expertise in cardiology and cardiovascular diseases [1] and based on the internal consistency of his medical opinion. The Board affirmed.

Our review in workers' compensation cases is limited to determining whether necessary findings are supported by substantial evidence and whether the Board has committed errors of law or constitutional violations. 2 Pa.C.S. § 704. On appeal Creaturo asserts that the Board erred in accepting the medical opinion of Dr. Blanc, which opinion, Creaturo contends, is incompetent as a matter of law

---

1. Dr. Blanc is board-certified in internal medicine and in cardiovascular disease, and he prac-tices cardiology. Dr. Singh is board-certified in internal medicine.

because it is contrary to the law of the Commonwealth.

Creaturo argues that Dr. Blanc's medical opinion on the causation of MI is contrary to the law of the Commonwealth as set forth in Section 108(*o*) of the Workers' Compensation Act (Act)[2] and as stated in the case law. Section 108(*o*) of the Act defines "occupational disease" to include

> [d]iseases of the heart and lungs, resulting in either ... disability or death, after four years or more of service in fire fighting ... , caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such firemen.

77 P.S. § 27.1(*o*).[3] According to Creaturo, this provision and court decisions applying this provision establish as a matter of law that stress, extreme physical exertion, and smoke cause MI. We disagree.

Section 301(e) of the Act, 77 P.S. § 413,[4] creates a rebuttable presumption, or evidentiary advantage, in favor of a claimant who has established that he has contracted an occupational disease and that the disease was a hazard in his occupation or industry. The employer may introduce evidence to rebut the presumption that the claimant's condition is work-related. *City of Wilkes–Barre v. Workmen's Compensation Appeal Board (Zuczek)*, 541 Pa. 435, 664 A.2d 90 (1995). In this case, the credible testimony of Dr. Blanc constitutes competent evidence to rebut the presumption.

Dr. Blanc testified that Creaturo's MI was not caused by his exertions or by his inhaling smoke while fighting the fire on November 22, 1994. According to Dr. Blanc, within the last ten years medical studies and evidence have demonstrated that MI results from the rupture of plaques that line arteries, and that these studies clearly establish that MI does not result from physical exertion. (Blanc Deposition at pp. 29–31.) Dr. Blanc also testified that smoke inhalation could not have been even a contributing factor in causing Creaturo's MI because blood gas results indicated no significant exposure to carbon monoxide.[5] Dr. Blanc categorically refuted the medical basis for Dr. Singh's opinion that physical exertion and smoke inhalation caused Creaturo's MI: Dr. Blanc cited the flaws in the study Dr. Singh relied upon, and he cited a series of medical studies from the last ten years that disprove old theories that physical exertion and physical stress can cause MI.

Furthermore, Section 301(e) of the Act, 77 P.S. § 413, establishes that if a veteran fire fighter develops a heart and/or lung disease that is caused by physical exertion, stress, and exposure to heat and smoke, then that fire fighter need not prove that the disease was caused by his or her fire-fighting activities. This provision provides no presumption for heart diseases having other causes, and it does not establish that MI or any other heart disease is absolutely caused by physical exertion and smoke inhalation. The presumption does not purport to establish as a matter of law that any disease has a particular etiology in any given instance, much less for all time.

Medical testimony is unequivocal, and thus competent, when the expert testifies that in his or her professional opinion the fact exists. *Kondrat v. Workmen's Compensation Appeal Board (Westinghouse Electric Corporation)*, 145 Pa.Cmwlth. 428, 603 A.2d 689, *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992). That Dr.

---

2. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. § 27.1(*o*).

3. Creaturo did not work as a fire fighter for four or more years, and he does not contend that he is entitled to the presumption implicit in this provision of the Act.

4. Section 301(e) of the Act, 77 P.S. § 413, provides:
   If it be shown that the employe, at or immediately before the date of disability, was em-

ployed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive.

5. In fact, Dr. Blanc testified that Creaturo's oxygen saturation level was higher (i.e., less exposure to carbon monoxide) than it would have been if Creaturo had smoked a single cigarette. (Deposition at p. 26.)

Blanc's medical opinions may diverge from popular notions that stress and exertion cause heart attacks does not render his opinions incompetent or equivocal, as Creaturo suggests. Dr. Blanc stated his medical opinions with a reasonable degree of medical certainty, and those opinions are supported by his experience as a cardiologist and by accepted medical research that Dr. Blanc cited as the basis for his opinions. Dr. Blanc stated the basis for his disagreement with Dr. Singh's medical conclusions, and he cited factors in Creaturo's medical history that tended to support his own conclusions. The judge found Dr. Blanc to be the more qualified medical expert and accepted his testimony as the more credible.

Accordingly, we affirm the order of the Board.

## ORDER

**AND NOW,** this 13th day of February, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.